No. 3781.—EMILY WOOLFOLK v. DEGELOS, DURRIVE & CO. et als. and MICHEL HEBERT, Administrator, v. EMILY WOOLFOLK.

*Drafts given by a judgment debtor to her judgment creditor for various different amounts, and due at different stated times, which are accepted by the drawee, which, when paid, are to operate an extinguishment of judgments operate a full and complete extinguishment of the judgments, whenever the judgment creditor disposes of or uses the drafts for his own benefit, and in such case the judgment debtor is entitled to an injunction restraining the judgment creditor from further proceeding on the judgments.*

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey*, J. *Samuel Mathews*, and *Race, Foster & E. T. Merrick,* for plaintiff and appellee. *A. & E. Talbot,* for defendants and appellants.

LUDELING, C. J.    In these consolidated cases both parties are appellants.

The first suit is an injunction to prevent the execution of·a judgment against the plaintiff, on the ground that it had been extinguished. The second suit is to revive two judgments against the plaintiff. The question at issue in both cases is, are the judgments extinguished?

In 1860, Degelos, Durrive & Co. obtained judgments against Emily Woolfolk for $17,490, with interest and costs. In June of that year she executed nine drafts payable to her own order and indorsed by her, on Messrs. Fellows & Co., who accepted them. These drafts were given to Edward Durrive, Sr., who acted as·liquidator of the firm, which had been dissolved before the rendition of the judgments.

The receipt given for said drafts is as follows:

"NEW ORLEANS, June 1, 1860.

"Received, of Emily Woolfolk, her drafts on and accepted by Messrs. Fellows & Co., all of this date, and for the following amounts, and made payable

| | |
|---|---:|
| 10-13 March, 1861, for | $837 66 |
| 10-13 March, 1861, for | 837 66 |
| 10-13 March, 1861, for | 837 66 |
| 10-13 March, 1862, for | 837 66 |
| 10-13 March, 1862, for | 837 66 |
| 10-13 March, 1862, for | 1,054 08 |

which when paid should be in full payment of principal and interest of the two judgments in the case of Degelos, Durrive & Co. v. Emily Woolfolk, in the Sixth Judicial District Court, No. 1200, the costs remaining due by Mrs. Emily Woolfolk.

"DEGELOS, DURRIVE & CO.,

"In liquidation."

The firm was composed of P. A. Degelos, Edward Durrive, Sr., and Thomas Mille. The evidence shows that the interest of Delegos' estate in these acceptances were transferred to the heirs of Thomas

Mille, to equalize the partition of the assets of the partnership. Edward Durrive transferred his interest to his daughter-in-law, Mrs. Durrive, Jr., and at the partition of her estate after her death, her husband became the owner of one of the acceptances, and her mother and brothers became the owners of the others by inheritance from Mrs. Edward Durrive, Jr. The succession of Mille became the owner of four of the drafts. Subsequently Judge Labauve became owner of one of them. The others have not been accounted for in this record. It is probable that they have been paid by Fellows & Co. Suit has been instituted on four of these drafts against Emily Woolfolk by the administrator of the estate of Mille, and Judge Labauve obtained a judgment against Emily Woolfolk, as indorser, on the one he acquired.

Degelos, Durrive & Co. having appropriated and disposed of the drafts, can not be heard to say that the judgments are not extinguished.

The condition, stipulated in the contract evidenced by the receipt, that when paid the drafts shall be in full payment of the judgments, must be considered as having happened when Degelos, Durrive & Co. parted with the collaterals given for the payment of the judgments.

It is therefore ordered that the judgment of the district court reviving the judgments against Emily Woolfolk be avoided and annulled, and that the demand in that case be rejected with costs, and that the judgment perpetuating the injunction be affirmed.

It is further ordered that the defendants in the case of Emily Woolfolk v. Degelos, Durrive & Co. et als., and the plaintiffs in the suit of Michel Hebert, administrator, et al. v. Emily Woolfolk, pay the costs of this appeal.

Rehearing refused.